IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jun 16, 2026

IN RE:

TRAVIS LOGAN FORD and LAURA
ELIZABETH FORD,

        Debtors.

Case No. 25-11140-T
Chapter 7

MARCIA L. PINKSTON,

        Plaintiff,

v.

TRAVIS LOGAN FORD and LAURA
ELIZABETH FORD,

        Defendants.

Adv. No. 25-01021-T

MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Motion to Stay or Abate Adversary Proceeding Pending State Court Judgment,[1] filed by Marcia L. Pinkston ("Plaintiff"); Defendants' Objection and Response to Plaintiff's Motion to Stay or Abate Adversary Proceeding,[2] filed by Travis Logan Ford and Laura Elizabeth Ford ("Defendants"); Defendants' Motion to Reconsider Order Granting Relief From Stay, to Clarify Scope of State-Court Proceedings, and for Protective "Guardrails" Against Undisclosed Ghostwriting;[3] Plaintiff's Final Consolidated Response and Motion for Case Management Order;[4] and Defendants' Response to Plaintiff's Final Consolidated Response and Objection to Plaintiff's Motion for Case Management Order.[5] The following facts

---

[1] ECF No. 4. *See also* ECF Nos. 12, 14, 17.
[2] ECF No. 9.
[3] ECF No. 15.
[4] ECF No. 18.
[5] ECF No. 21.

and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[6] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

On September 1, 2023, Plaintiff sued Defendants for breach of contract in the District Court for Okmulgee County in the action styled *Marcia L. Pinkston v. Travis Ford and Laura Ford*, Case No. CJ-2023-133 (the "State Court Action"). Almost two years later, on August 6, 2025, Defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff then moved under § 362(d)(1) for relief from the automatic stay imposed by § 362(a) to allow her to proceed in the pending State Court Action to liquidate her claim to judgment ("Stay Relief Motion").[7] Over an objection by Defendants, and after a hearing on the matter, the Court entered an order granting Plaintiff's Stay Relief Motion ("Stay Relief Order") based, in part, on representations that the State Court Action was trial-ready.[8] The Stay Relief Order stated as follows:

IT IS THEREFORE ORDERED

1. Movant's Motion for Relief from Automatic Stay is GRANTED pursuant to 11 U.S.C. § 362(d)(1), to the limited extent necessary to allow the [State Court Action] to proceed to final judgment in Case No. CJ-2023-133.

---

[6] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*
[7] Case No. 25-11140, ECF No. 9.
[8] Case No. 25-11140, ECF No. 21.

2. Movant may file her Amended Petition in that action and proceed through trial and judgment.

3. Movant shall not enforce or collect upon any judgment obtained without first obtaining further order of this Court.[9]

Per the Stay Relief Order, Plaintiff amended her petition in the State Court Action on November 20, 2025, adding various counts of fraud including but not limited to fraudulent misrepresentation, willful and malicious conduct, and constructive fraud.[10]

On November 4, 2025, Plaintiff, proceeding *pro se*, filed this adversary proceeding requesting the determination of the dischargeability of a debt pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).[11] Plaintiff also filed a Motion to Stay or Abate Adversary Proceeding Pending State Court Judgment ("Motion to Stay Adversary"), effectively asking that the Court allow the State Court Action to proceed to final judgment regarding Defendants' liability prior to this Court adjudicating issues of dischargeability.[12]

Defendants, also proceeding *pro se*, filed an Answer and objection to the Motion to Stay Adversary,[13] requesting that this Court move forward with the adversary proceeding.[14] Defendants also requested that this Court reconsider its Stay Relief Order ("Motion to Reconsider").[15] Plaintiff then filed a Final Consolidated Response and Motion for Case Management Order ("Motion for Case Management") in opposition.[16] The Motion for Case Management reiterates Plaintiff's prior

---

[9] *Id.*

[10] Plf's Ex. No. 004.

[11] ECF No. 1.

[12] ECF No. 4. *See also* ECF Nos. 12, 14.

[13] ECF Nos. 7, 9, 17.

[14] At all times prior to January 5, 2026, Defendants proceeded *pro se* in the adversary proceeding.

[15] ECF No. 15.

[16] ECF No. 18.

requests for relief contained in previous motions and asks that the Court place various filing restrictions on Defendants.[17] Defendants objected.[18]

On January 5, 2026, Ron Brown entered an appearance on behalf of Defendants in this adversary proceeding.[19] The Court held a status hearing the following day ("Status Hearing") to discuss the various pending matters in this proceeding.[20] After the Status Hearing, Plaintiff filed a Motion to Resolve Applicability of 11 U.S.C. § 524 as a Matter of Law and to Narrow or Vacate Evidentiary Hearing Requested by Defendants ("Motion Regarding § 524").[21] Defendants subsequently filed a Motion to Set Evidentiary Hearing on the Motion to Stay Adversary, Motion Regarding § 524, and Motion to Reconsider.[22] The Court set the Motion to Stay Adversary and Motion to Reconsider for evidentiary hearing.[23]

The Court held the evidentiary hearing on May 19, 2026.[24] Pursuant to agreement by the parties, the Court admitted Plaintiff's Exhibits 1 through 6, and 100 through 113, as well as Defendants' Exhibits 1 through 3, and 5 through 11. Defendants argue that the State Court Action should be stayed in its entirety. According to Defendants, Plaintiff amended her state court petition to add claims of fraud for the purpose of invoking the doctrine of issue preclusion. Defendants contend that Plaintiff's state court fraud claims do not reflect the elements necessary for proving fraud in the context of dischargeability; therefore, any attempt to use issue preclusion in this Court will be futile. Additionally, Defendants assert that the State Court Action is not on the verge of

---

[17] *Id.* at 4.
[18] ECF No. 21.
[19] ECF No. 24.
[20] ECF No. 25.
[21] ECF No. 26. This motion is resolved by this Order, as demonstrated by the Conclusions of Law section below.
[22] ECF No. 27.
[23] ECF Nos. 34, 35.
[24] ECF No. 41.

trial, noting that the state court has yet to enter a pretrial order. Contrarily, Plaintiff posits that the State Court Action is fully developed and ready for adjudication, stating that discovery has concluded and depositions have been taken. She also argues that obtaining a state court judgment before continuing with this adversary proceeding will avoid unnecessary duplicative litigation.

The Court also heard testimony from Plaintiff and Defendant Laura Elizabeth Ford. Plaintiff testified as to the status of the State Court Action, explaining that she is currently seeking a default judgment against Defendants.[25] However, as per the state court's docket sheet, Defendants have challenged Plaintiff's request for default judgment.[26] The state court had yet to rule on either as of the evidentiary hearing. Defendants concluded their arguments by withdrawing their request for protective "guardrails" against undisclosed ghostwriting, requesting that their Motion to Reconsider be granted, and that the Court stay all proceedings in the State Court Action. Plaintiff reiterated her request that this adversary proceeding be stayed pending final adjudication of her claims in the State Court Action, arguing that denial of her request would result in duplicative litigation, waste of judicial resources, and unnecessary costs.

### Conclusions of Law

Defendants bring their Motion to Reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), made applicable here by Federal Rules of Bankruptcy Procedure 9023 and 9024. However, the Court will address said motion using the standards set out by Rule 60(b) given the nature of the requested relief and the grounds upon which the motion is based. Rule 60 "permits the filing of a motion for relief from an order . . . based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief, within

---

[25] *See* Plf's Ex. 2; Dft's Ex. 8.
[26] *See* Plf's Ex. 2 at 4; Dft's Ex. 8 at 7.

one year of the entry of the challenged order."[27] It also grants courts "a grand reservoir of equitable power to do justice in a particular case . . . [and therefore] should be liberally construed when substantial justice will be served."[28] However, "such relief is extraordinary and may only be granted in exceptional circumstances."[29]

With that in mind, the Court finds that exceptional circumstances exist warranting reconsideration of the Court's Stay Relief Order and that substantial justice will be served by granting Defendants' Motion to Reconsider. The Court possesses additional, crucial information which it was not fully aware of when it entered the Stay Relief Order. Having now been fully advised regarding the status of the State Court Action, the nature of the claims asserted, and their relationship with this adversary proceeding, the Court finds it appropriate pursuant to Rule 60(b)(6) to grant the Motion to Reconsider.

The Court begins by noting that Plaintiff's Stay Relief Motion was brought pursuant to § 362(d)(1).[30] However, the § 362 stay imposed by the Stay Relief Order terminated once the Court granted Defendants a discharge under § 727 on November 18, 2025.[31] Such a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such [pre-petition] debt . . . ."[32] Thus, the Court now treats Plaintiff's Stay Relief Motion

---

[27] *In re Bishop*, 463 B.R. 142 (Table), 2010 WL 4456165, at *4 (10th Cir. BAP Nov. 4, 2010) (citing first Fed. R. Bankr. P. 9024; and then Fed. R. Civ. P. 60(b), (c)).

[28] *Landmark W. Enters., LLC v. Wei Yu Ren*, No. 07-0280, 2007 WL 1683842, at *1 (W.D. Okla. June 8, 2007) (quoting *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975)). *See Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005); *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014); *In re Kirwan*, 164 F.3d 1175, 1177 (8th Cir. 1999).

[29] *In re Funderburgh*, 526 B.R. 361, 371 (10th Cir. BAP 2015) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[30] *See* Case No. 25-11140, ECF No. 9.

[31] *See* Case No. 25-11140, ECF No. 27.

[32] § 524(a)(2). *See Gray v. Nussbeck (In re Gray)*, 586 B.R. 347, 353 (Bankr. D. Kan. 2018) (clarifying that the discharge injunction prohibits prepetition creditors from attempting to collect on prepetition debts) (citing *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1308 (10th Cir. 2008)).

as a motion for relief from the § 524(a)(2) discharge injunction.[33] The same standard applies regardless because "the decision whether to modify the discharge injunction is indistinguishable from a decision whether to grant relief from the automatic stay."[34]

Bankruptcy courts have exclusive jurisdiction over determinations of dischargeability under § 523(a)(2), (4), and (6).[35] However, while other courts have concurrent jurisdiction "to adjudicate the extent of the debts within these exceptions[,]"[36] it is the bankruptcy court which has the discretion to decide "'whether or not the validity and extent of a debt is better litigated in the bankruptcy court or the state court . . . .'"[37] In determining whether relief should be granted, courts within the Tenth Circuit have relied on the following enumerated factors:

(1) Whether the relief will result in a partial or complete resolution of the issues.
(2) The lack of any connection with or interference with the bankruptcy case.
(3) Whether the foreign proceeding involves the debtor as a fiduciary.
(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

---

[33] See, e.g., In re Gibellino-Schultz, 446 B.R. 733, 739 (Bankr. E.D. Pa. 2011).

[34] In re Robben, 562 B.R. 469, 475-76 (Bankr. D. Kan. 2017)

[35] See C&L Supply, Inc. v. Morrow (In re Morrow), 613 B.R. 786, 794 (Bankr. N.D. Okla. 2020) (first citing Brown v. Felsen, 442 U.S. 127, 129-30 (1979); and then Buke, LLC v. Eastburg (In re Eastburg), 447 B.R. 624, 633 (10th Cir. BAP 2011)); Bertone v. Wormington (In re Wormington), 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016) (citing Rally Hill Prods., Inc. v. Bursack (In re Bursack), 65 F.3d 51, 53 (6th Cir. 1995)).

[36] In re Robben, 562 B.R. at 475.

[37] Id. (quoting In re Eastburg, 447 B.R. at 633).

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the "balance of hurt."[38]

After considering the list above, the Court finds that the pertinent factors do not weigh in favor of granting relief from the discharge injunction. Here, the relevant factors are the first, tenth, eleventh, and twelfth. As to the first and tenth factors, allowing Plaintiff to pursue her claims in the State Court Action will not result in a complete resolution of the issues. Because this Court has exclusive jurisdiction to resolve issues of dischargeability under § 523(a)(2), (4), and (6), a state court judgment regarding Plaintiff's claims of fraud would not prevent further litigation in this adversary proceeding. Plaintiff will be required to return to this Court to resolve the dischargeability issue regardless of the outcome in the State Court Action. Even assuming Plaintiff obtained a judgment on her fraud claims in her favor, further litigation is unavoidable as Plaintiff would be required to demonstrate the applicability of issue preclusion to this adversary proceeding.[39] The Court finds judicial economy, and the parties, will be better served by this Court's resolution of the dischargeability issues, including the validity and extent of the alleged debt. As to the eleventh factor, the State Court Action does not appear to have progressed to the

---

[38] *Id.* at 476 (first citing *Dampier v. Credit Invs., Inc. (In re Dampier)*, No. 15-006, 2015 WL 6756446, at *4 (10th Cir. BAP Nov. 5, 2015); and then quoting *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

[39] The Court notes that "[c]ollateral estoppel, or issue preclusion, is a doctrine that prohibits the relitigation between the same parties of issues of ultimate fact that have been determined by a valid and final judgment." *In re Armstrong*, 294 B.R. 344, 357 (10th Cir. BAP 2003), *aff'd*, 97 F. App'x 285 (10th Cir. 2004) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1318 (10th Cir. 1997)). The doctrine is only applicable to issues which "were actually litigated and determined in the prior action." *Grogan v. Garner*, 498 U.S. 279, 284 (1991). Therefore, default judgments typically do not have preclusive effect on issues of dischargeability because "[a] default judgment merely disposes of the cause of action and is not a reliable adjudication of any issue for that case, and should not have a collateral estoppel effect in a bankruptcy dischargeability proceeding." *Armendariz v. Galvan (In re Galvan)*, 430 B.R. 685, 690 (Bankr. D.N.M. 2009) (quoting *Brose v. Hubbard (In re Hubbard)*, 167 B.R. 969, 972 (Bankr. D.N.M. 1994)); *see KC Coring & Cutting Constr., Inc. v. McArthur (In re McArthur)*, 391 B.R. 453, 458 (Bankr. D. Kan. 2008).

point where the parties are prepared for trial. As demonstrated by the state court's docket sheet, there is no scheduling order in place, indicating that discovery may not be completed. Moreover, there are several pending dispositive motions upon which the state court has yet to rule. Additionally, there is no evidence suggesting that a pretrial order is in place or that a trial date has been set. Regarding the "balance of the hurt" referred to in the twelfth factor, the Court is sensitive to Plaintiff's concerns. Having actively pursued the State Court Action for over two years, she likely has a certain level of familiarity with that venue. But unlike the state court, this Court can liquidate her debt to judgment and determine its dischargeability in Defendants' bankruptcy case in a single proceeding. As a result, proceeding before this Court can avoid duplication of effort and unnecessary expenditure of resources for both parties.

Therefore, the Court determines that the factors weigh against granting relief from the discharge injunction and, upon reconsideration, that the Stay Relief Order should be vacated. As such, because the Court finds relief from the discharge injunction is not warranted, the Court likewise declines to grant Plaintiff's Motion to Stay Adversary.

### Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider, at ECF No. 15, is GRANTED.

IT IS FURTHER ORDERED that the Stay Relief Order, at Case No. 25-11140, ECF No. 21, is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Adversary, at ECF No. 4, and Motion for Case Management Order, ECF No. 18, are hereby DENIED.

Dated this 16th of June, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY