**Dated: October 30, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**TRAVIS LOGAN FORD AND LAURA ELIZABETH FORD,**<br><br>**Debtors.** | **Case No. 25-11140-T**<br><br>**Chapter 7** |
| **MARCIA L. PINKSTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRAVIS LOGAN FORD AND LAURA ELIZABETH FORD,**<br><br>**Defendants.** | **Adv. No. 25-01021-T** |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND TO ESTABLISH FACTS UNDER RULE 56(g)**

THIS MATTER comes before the Court pursuant to the Plaintiff's Motion for Partial Summary Judgment and to Establish Facts under Rule 56(g) (the "Motion"),[1] filed by Marcia L. Pinkston ("Plaintiff"); the Defendants' Response to the Motion,[2] filed by Travis Logan Ford and Laura Elizabeth Ford (the "Defendants"); and the Plaintiff's Reply.[3] The following order is entered pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7056.[4]

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[5] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). The determination of dischargeability of a particular debt is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

**Summary Judgment Standard**

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id*. Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith*

---

[1] ECF No. 50.

[2] ECF No. 52.

[3] ECF No. 54.

[4] Unless otherwise noted, all further references to "Rules" are to the Federal Rules of Civil Procedure.

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

> *Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[6]

The Court will apply this standard to the Motion.

**Background**

Defendants filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 6, 2025. On November 4, 2025, Plaintiff filed an adversary proceeding in Defendants' bankruptcy case to determine the dischargeability of a debt pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).[7] Plaintiff, appearing *pro se*, now moves for an order for partial summary judgment and to establish various facts for purposes of trial pursuant to Rule 56(g), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056.

Defendants, as buyers, and Plaintiff, as seller, entered into an agreement for the purchase/sale of real property. The transaction ultimately failed to close, for which Plaintiff seeks a finding of liability against Defendants and a non-dischargeable judgment for damages. With respect to the Motion, Defendants admit many of the background facts as presented by Plaintiff, but dispute any inference that imputes either liability or fraudulent or malicious intent on their part. For the reasons stated below, the Motion must be denied.

**Discussion**

Plaintiff requests that the Court enter partial summary judgment and an order under Rule 56(g), establishing certain facts as admitted or undisputed. A motion for partial summary judgment asks the court to resolve part of a claim or defense if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[8] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the

---

[6] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[7] ECF No. 1.

[8] Fed. R. Civ. P. 56(a).

basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[9]

Rule 56(g) allows a court to, in its discretion, enter an order stating that certain material facts are established in the case if it does not grant all the relief sought by a summary judgment motion. "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions."[10] Rule 56(g) empowers the Court, in its discretion, following the entry of partial summary judgment, to treat any unrefuted and material facts as established for purposes of efficiently adjudicating the remaining issues. The 2010 Advisory Committee Note for Rule 56(g) states:

> If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.[11]

The Court, having fully reviewed the matter, finds Plaintiff has failed to meet her burden for partial summary judgment. Plaintiff requests that the Court make a "determination of both buyers' contractual liability and liquidation of the "$45,000 price loss[.]"[12] Although many of the underlying facts, as presented by Plaintiff, are admitted by Defendants, the parties disagree about

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019) (quoting Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)).

[11] 2010 Advisory Committee Note to Fed. R. Civ. P. 56(a).

[12] ECF No. 50, at 7.

the inferences to be drawn from those facts. Under the standards of Rule 56(a), the Court must resolve those disputes in favor of Defendants. The resulting dispute of genuine issues of material fact prevent the Court from making any finding of liability or damages for either party. Accordingly, the Plaintiff's Motion for Partial Summary Judgment must be denied.

The Court also chooses not to exercise its discretion to make factual findings pursuant to Rule 56(g). While the parties appear to agree on many of Plaintiff's stated facts, it is clear that Defendants attribute wildly different inferences to those same facts. The Court sees no benefit in establishing facts prior to trial that will still require significant litigation. As a result, the Court declines at this time to deem any facts established for purposes of trial under Rule 56(g).

The Court notes that many of the facts presented by the parties in their pleadings appear to be undisputed. Several of the "facts" presented by Plaintiff in the Motion refer to admissions made by Defendants, primarily through responses to discovery requests issued during the course of this litigation. Notwithstanding the denial of the Motion, the Court believes that both parties would be well served by stipulating to the truly undisputed facts in the pre-trial order to be submitted in this case. The Court encourages the parties to work together to craft a set of stipulated facts that both parties believe, at the trial stage, are undisputed and presented neutrally.

Accordingly,

IT IS THEREFORE ORDERED that the Plaintiffs' Motion for Partial Summary Judgment and to Establish Facts under Rule 56(g), *at ECF No. 50*, filed by Marcia L. Pinkston, Plaintiff herein, is DENIED.

###